UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANE DOE, Personal Representative of the ESTATE OF N.M., <br>     Plaintiff, <br><br> VS. <br><br> CITY OF NORTHAMPTON, <br>     Defendant. | ) <br> ) <br> ) <br> ) <br> )  C.A. NO. 3:23-cv-10358-MGM <br> ) <br> ) <br> ) |

**DEFENDANT'S MOTION FOR LEAVE TO SUBMIT SUPPLEMENTAL AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS (NO OBJECTION FROM PLAINTIFF)**

Pursuant to Local Rule 7.1(b)(3), the defendant, City of Northampton, respectfully requests leave of court to submit supplemental authorities in support of its pending Motion to Dismiss (Dkt. Nos. 16-17).  These authorities, copies of which are attached hereto as Exhibit A and Exhibit B, respectively, are published decisions of the Supreme Judicial Court (the "SJC").

Exhibit A is Fabiano v. Philip Morris USA Inc., SJC-13282, and Fuller v. R.J. Reynolds Tobacco Co., SJC-13346, which are both reported in a single decision.  See 2023 WL 4359428 (Mass. July 6, 2023).  On Pages 8-9 of the Memorandum of Law in Support of its Motion to Dismiss (the "Memo of Law"), the defendant cited to and attached the underlying Superior Court decisions in Fabiano and Fuller for the proposition that the plaintiff's claims were barred.  (Dkt. No. 17). In its decision of July 6, 2023, the SJC affirmed the dismissal of the two actions for the same reasons as the decisions relied on by the defendant in the instant action.

Exhibit B is Dunn v. Langevin, SJC-13364 (Mass. July 11, 2023).  On Pages 7-8 of the Memo of Law, the defendant argued that the SJC's COVID-19 orders did not toll the time to make timely presentment, citing to Harrington v. Lesley Univ., 554 F. Supp. 3d 211, 226 (D. Mass. 2021). Harrington addressed whether the SJC's orders tolled the time to file a charge of discrimination

with the Massachusetts Commission Against Discrimination (the "MCAD"), and the Court (Woodlock, J.), concluded that the SJC's orders did not toll the time for the complainant to submit her charge. Id. at 227. In Dunn, the SJC also concludes that its orders did not toll the time to submit a timely charge with the MCAD, finding that the orders did not extend beyond the courts regardless of whether such a filing had to be perfected before filing with the court. Dunn, supra at 8-9 (citing Graycore Constr. Co. v. Pacific Theatres Exhibition Corp., 490 Mass. 636, 642-643 (2022) (holding that COVID orders did not extend to filing of a notice of contract pursuant to M.G.L. c. 254, § 2, with the registry of deeds)).

The defendant respectfully submit these recent decisions will inform this Court in its resolution of its pending Motions to Dismiss.

                Respectfully submitted,

                The Defendant,
                CITY OF NORTHAMPTON,
                By its Attorneys,

                **PIERCE DAVIS & PERRITANO LLP**

                */s/ Jeffrey J. Trapani*
                Jeffrey J. Trapani, BBO #661094
                10 Post Office Square, Suite 1100N
                Boston, MA 02109
                (617) 350-0950
                jtrapani@piercedavis.com

                Dated: July 13, 2023

**LOCAL RULE 7.1 CERTIFICATE OF CONFERENCE**

      The undersigned hereby certifies that counsel has conferred and have attempted in good faith to resolve or narrow the issue prior to the filing of this motion and that counsel for the plaintiff responded that they did not object to the filing of this document.

                                                    */s/ Jeffrey J. Trapani*
                                                    Jeffrey J. Trapani

**CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing, filed through the Electronic Case Filing System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that a paper copy shall be served upon those indicated as non-registered participants on this 13th day of July, 2023.

                                                      */s/ Jeffrey J. Trapani*
                                                    Jeffrey J. Trapani