UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANE DOE, Personal Representative of the ESTATE OF N.M., <br>     Plaintiff, <br><br> VS. <br><br> CITY OF NORTHAMPTON, <br>     Defendant. | C.A. NO. 3:23-cv-10358-MGM <br><br> **Leave to file granted on** <br> **July 14, 2023 (Dkt. No. 23)** |

## DEFENDANT'S BRIEF PROVIDING SUPPLEMENTAL AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS

NOW COMES the defendant, City of Northampton, and, pursuant to the order dated July 14, 2023, respectfully submits this brief providing supplemental authorities in support of its pending Motion to Dismiss (Dkt. Nos. 16-17). These authorities, copies of which are attached hereto as Exhibit A and Exhibit B, respectively, are published decisions of the Supreme Judicial Court (the "SJC").

Exhibit A is Fabiano v. Philip Morris USA Inc., SJC-13282, and Fuller v. R.J. Reynolds Tobacco Co., SJC-13346, which are both reported in a single decision. See 2023 WL 4359428 (Mass. July 6, 2023). On Pages 8-9 of the Memorandum of Law in Support of its Motion to Dismiss (the "Memo of Law"), the defendant cited to and attached the underlying Superior Court decisions in Fabiano and Fuller for the proposition that the plaintiff's claims were barred. (Dkt. No. 17). In its decision of July 6, 2023, the SJC affirmed the dismissal of the two actions for the same reasons as the decisions relied on by the defendant in the instant action.

Exhibit B is Dunn v. Langevin, SJC-13364 (Mass. July 11, 2023). On Pages 7-8 of the Memo of Law, the defendant argued that the SJC's COVID-19 orders did not toll the time to make timely presentment, citing to Harrington v. Lesley Univ., 554 F. Supp. 3d 211, 226 (D. Mass. 2021). Harrington addressed whether the SJC's orders tolled the time to file a charge of discrimination

with the Massachusetts Commission Against Discrimination (the "MCAD"), and the Court (Woodlock, J.), concluded that the SJC's orders did not toll the time for the complainant to submit her charge. Id. at 227. In Dunn, the SJC also concludes that its orders did not toll the time to submit a timely charge with the MCAD, finding that the orders did not extend beyond the courts regardless of whether such a filing had to be perfected before filing with the court. Dunn, supra at 8-9 (citing Graycore Constr. Co. v. Pacific Theatres Exhibition Corp., 490 Mass. 636, 642-643 (2022) (holding that COVID orders did not extend to filing of a notice of contract pursuant to M.G.L. c. 254, § 2, with the registry of deeds)).

The defendant respectfully submits that these recent decisions will inform this Court in its resolution of its pending Motions to Dismiss.

        Respectfully submitted,

        The Defendant,
        CITY OF NORTHAMPTON,
        By its Attorneys,

        **PIERCE DAVIS & PERRITANO LLP**

        */s/ Jeffrey J. Trapani*
        Jeffrey J. Trapani, BBO #661094
        10 Post Office Square, Suite 1100N
        Boston, MA 02109
        (617) 350-0950
        jtrapani@piercedavis.com

        Dated: July 14, 2023

## **CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing, filed through the Electronic Case Filing System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that a paper copy shall be served upon those indicated as non-registered participants on this 14th day of July, 2023.

                                      */s/ Jeffrey J. Trapani*
                                      Jeffrey J. Trapani