# EXHIBIT A

pdp000001

2023 WL 4359428
Only the Westlaw citation is currently available.
Supreme Judicial Court of Massachusetts,
Suffolk, Barnstable.

Grace FABIANO, personal representative,[1]
v.
PHILIP MORRIS USA INC. & others.[2]

Mary Fuller, personal representative,[3]
v.
R.J. Reynolds Tobacco Company & another.[4]

SJC-13282, SJC-13346
|
Argued March 6, 2023
|
Decided July 6, 2023

**Synopsis**
**Background:** In first case, personal representative of cigarette smoker's estate filed suit for wrongful death against cigarette manufacturer and retailer, based on breach of warranty, negligence, and conspiracy. The Superior Court Department, Suffolk County, Brian A. Davis, J., granted defendants' motion to dismiss. Personal representative's application for direct appellate review was granted. In separate, unrelated case, personal representative of different smoker's estate filed suit for wrongful death against other manufacturer and retailer, asserting statutory claim for unfair trade practices. The Superior Court Department, Suffolk County, Thomas J. Perrino, J., granted defendants' motion for partial judgment on pleadings. Personal representative's application for direct appellate review was granted. Appeals were consolidated.

**[Holding:]** The Supreme Judicial Court, Lowy, J., held that because smokers were unable to bring suit for smoking-related injury before their deaths due to expiration of limitations periods governing their claims, their personal representatives could not bring action for wrongful death predicated on those claims.

Affirmed.

West Headnotes (12)

**[1] Death**
In light of the derivative character of wrongful death claims, for a representative of the decedent's estate to have a right to bring a wrongful death action, the decedent must have had the continued right to bring a cause of action for the injuries that caused his or her death, and where a decedent has such a right at the time of death, a cause of action for wrongful death vests in the personal representative of the decedent's estate, and the three-year statute of limitations for the wrongful death action begins to run from the date of death. Mass. Gen. Laws Ann. ch. 229, § 2.

**[2] Death**
In determining parameters of recovery for wrongful death, court begins first with language of wrongful death statute, and if language does not resolve question, court looks to common law for guidance. Mass. Gen. Laws Ann. ch. 229, § 2.

**[3] Death**
Although the wrongful death statute identifies the permissible beneficiaries of a wrongful death suit, the statute does not permit those beneficiaries to bring suit, demonstrating that an action for wrongful death belongs to the estate and that the decedent's beneficiaries do not have a separate assertable legal right in the decedent's life under the statute; this is true of all claims brought under the statute, including those based on breach of warranty. Mass. Gen. Laws Ann. ch. 229, § 1.

**[4] Death**
Three-year limitations period governing action for wrongful death, which began to run from date of death, did not permit personal representatives of cigarette smokers' estates to bring action for wrongful death premised on claims for

breach of warranty, negligence, conspiracy, and unfair trade practices against manufacturers and retailers within three years of smokers' deaths without regard to whether limitations period governing underlying causes of action that could have been brought by smokers for smoking-related illnesses that ultimately caused their deaths had run; if smokers were unable to bring such suit before their deaths due to expiration of limitations periods governing those claims, then their personal representatives could not bring action for wrongful death predicated on those claims. Mass. Gen. Laws Ann. ch. 93A, § 1 et seq.; Mass. Gen. Laws Ann. ch. 106, § 2-318; Mass. Gen. Laws Ann. ch. 229, § 2; Mass. Gen. Laws Ann. ch. 260, § 2A.

[5] **Limitation of Actions**

A "statute of limitations" is a limitation on liability that defines the time period within which a cause of action may be brought.

[6] **Limitation of Actions**

A statute of limitations does not create a cause of action that does not otherwise exist.

[7] **Death**

Although the statute of limitations governing an action for wrongful death sets the time period in which a wrongful death action may be brought, it does not confer an independent right to bring one. Mass. Gen. Laws Ann. ch. 229, § 2.

[8] **Death**

The right to bring a wrongful death action, being derivative, is dependent on the continuance of a right in the decedent to maintain an action for his injury up to the time of his death. Mass. Gen. Laws Ann. ch. 229, § 1.

[9] **Death**

Where a decedent had no right on the date of his or her death to bring suit for the injury that caused his or her death, no cause of action for wrongful death based on the death-causing injury ever vests in the decedent's representative for the benefit of the beneficiaries. Mass. Gen. Laws Ann. ch. 229, § 2.

[10] **Death**

Because a cause of action for wrongful death never comes into existence for the decedent's representative if the decedent had no right on the date of his or her death to bring suit for the injury that caused his or her death, it never accrues, and the three-year statute of limitations designated by the Legislature for wrongful death actions is never triggered. Mass. Gen. Laws Ann. ch. 229, § 2.

[11] **Death**

Claim for wrongful death must be viable at time of decedent's death for wrongful death cause of action to exist; if such action exists, statute of limitations for wrongful death actions, not statute of limitations for underlying claim, governs when wrongful death action may be brought. Mass. Gen. Laws Ann. ch. 229, § 2.

[12] **Limitation of Actions**

Once a plaintiff's injuries are knowable, plaintiff must assert their rights within a specified period of time or lose their ability to recover for their injuries.

Wrongful Death. Negligence, Wrongful death. Limitations, Statute of.

Civil action commenced in the Superior Court Department on July 14, 2017.

A motion to dismiss was heard by Brian A. Davis, J.

The Supreme Judicial Court granted an application for direct appellate review.

Civil action commenced in the Superior Court Department on March 21, 2016.

A motion for partial judgment on the pleadings was heard by Thomas J. Perrino, J.

The Supreme Judicial Court granted an application for direct appellate review.

**Attorneys and Law Firms**

The following submitted briefs for amici curiae:

Shea T. Moxon, of Florida, for Grace Fabiano.

Andrew Rainer, Boston, for Mary Fuller.

Scott A. Chesin (Elliott M. Davis also present) for Philip Morris USA Inc. & another.

Victoria Cuneo Powell, of Georgia (Jason T. Burnette, of Georgia, also present) for R.J. Reynolds Tobacco Company & another.

Kevin W. Buono, Boston, for Massachusetts Defense Lawyers Association.

Samuel Goldblatt & Kurt M. Mullen, Boston, for Product Liability Advisory Council.

Peter J. Ainsworth, Boston, Thomas R. Murphy, Salem, Kevin J. Powers, Elizabeth N. Mulvey, Boston, & J. Michael Conley, Braintree, for Massachusetts Academy of Trial Attorneys.

Present: Budd, C.J., Gaziano, Lowy, Cypher, Kafker, Wendlandt, & Georges, JJ.

**Opinion**

LOWY, J.

 **\*1**  In GGNSC Admin. Servs., LLC v. Schrader, 484 Mass. 181, 191, 140 N.E.3d 397 (2020) (GGNSC), we held that wrongful death actions brought under G. L. c. 229, § 2, are derivative of a decedent's own cause of action for personal injury, and unless the decedent "could have brought an action for the injuries that caused [his or her] death," a wrongful death action cannot be maintained by the personal representative of the decedent's estate for the benefit of the decedent's statutory beneficiaries. The question in these paired cases is whether this principle yields where the decedent could not have brought claims for the injuries that caused his or her death, had the decedent survived, by reason of the expiration of the statute of limitations applicable to those claims.

Grace Fabiano, as personal representative of the estate of Ralph Fabiano, and Mary Fuller, as personal representative of the estate of John Fuller[5] (collectively, plaintiffs), commenced these separate actions for wrongful death under G. L. c. 229, § 2, alleging breach of warranty, negligence, and conspiracy. It is undisputed that, if Ralph or John (collectively, decedents) had survived, they could not have brought direct claims at the time of their deaths due to the expiration of the three-year statute of limitations. The plaintiffs argue, however, that, because G. L. c. 229, § 2, has its own three-year statute of limitations for commencement of a wrongful death action that begins to run on the date of death, the statute of limitations applicable to personal injury claims, which begins to run on the date of injury, does not apply to wrongful death actions.

 [1]  In light of the derivative character of wrongful death claims, for a representative of the decedent's estate to have a right to bring a wrongful death action, the decedent must have had the continued right to bring a cause of action for the injuries that caused his or her death. Where a decedent has such a right at the time of death, a cause of action for wrongful death vests in the personal representative of the decedent's estate, and the three-year statute of limitations for the wrongful death action begins to run from the date of death. Where a decedent could not maintain a personal injury action at the time of death, the representative of the decedent's estate has no right to bring an action for wrongful death for the benefit of the beneficiaries. Thus, the three-year statute of limitations for wrongful death actions is not implicated.

In these cases, because the decedents had no right to bring a cause of action for the injuries that caused their deaths at the time that they died as a result of the running of the statute of limitations on the decedents' underlying tort and breach of warranty claims, the plaintiffs, as personal representatives of the decedents' estates, had no right to bring wrongful death actions based on those injuries.[6] We affirm the judgments dismissing those claims.

 **\*2**  Background. 1. Fabiano case.[7] Ralph began smoking cigarettes at the age of fifteen when he received free

samples of cigarettes, including "L&M" brand cigarettes manufactured by Philip Morris USA Inc. Ralph became addicted to smoking and continued to buy and smoke L&M cigarettes for the next fifty years. Ralph regularly purchased L&M cigarettes from Shaw's Supermarkets, Inc. In 2004, Ralph was diagnosed with emphysema, a form of chronic obstructive pulmonary disease (COPD), caused by long-term cigarette smoking. He died of COPD on July 22, 2014. Just under three years later, on July 14, 2017, Grace, as personal representative of Ralph's estate, brought this wrongful death suit against Philip Morris USA Inc. and Shaw's Supermarkets, Inc. (collectively, Fabiano defendants).[8] Grace's amended complaint asserted wrongful death claims based on breach of warranty, negligence, and conspiracy. See G. L. c. 229, § 2.

2. Fuller case. John began smoking "Camel" brand cigarettes manufactured by R.J. Reynolds Tobacco Company at the age of seventeen and continued to do so for over forty years. John frequently purchased Camel cigarettes from Cumberland Farms, Inc. In 2012, John was diagnosed with lung cancer caused by long-term cigarette smoking. On March 21, 2016, Mary and John brought a suit against R.J. Reynolds Tobacco Company and Cumberland Farms, Inc.[9] (collectively, Fuller defendants), alleging liability under G. L. c. 93A. John subsequently died from lung cancer on November 13, 2016. On September 11, 2017, Mary, as personal representative of John's estate, amended the complaint, adding wrongful death claims based on breach of warranty, negligence, and conspiracy.[10]

3. Motions disposing of wrongful death claims. In the respective cases, the Fabiano defendants moved to dismiss the amended complaint and the Fuller defendants moved for partial judgment on the pleadings with respect to the wrongful death claims. In each motion, the defendants relied on our decision in GGNSC, 484 Mass. at 191, 140 N.E.3d 397, to argue that the wrongful death claims were barred because the statute of limitations had lapsed on the decedent's underlying claims at the time of the decedent's death. See G. L. c. 106, § 2-318 (three-year statute of limitations for breach of warranty actions); G. L. c. 260, § 2A (three-year statute of limitations for tort actions).

The motions were allowed by different judges in the Superior Court. Both judges ruled that, because wrongful death recovery is derivative of a decedent's own cause of action, the wrongful death claims were precluded because each decedent could not have brought claims based on the injuries that caused his death had he survived. Grace and Mary both appealed.[11] We allowed their applications for direct appellate review.

*3 [2] Discussion. 1. Right to wrongful death recovery. The right to recover for wrongful death finds its origin in the common law. See Gaudette v. Webb, 362 Mass. 60, 71, 284 N.E.2d 222 (1972). Despite the common-law nature of wrongful death actions, we have interpreted the wrongful death statute as establishing certain requirements applicable to such actions, including

"(a) requiring that damages recoverable for wrongful death be based upon the degree of the defendant's culpability; (b) prescribing the range of the damages recoverable against each defendant; (c) requiring that any action for wrongful death be brought by a personal representative on behalf of the designated categories of beneficiaries; and (d) requiring that the action be commenced within the specified period of time, as a limitation upon the remedy and not upon the right."

Id. In determining the parameters of recovery for wrongful death, we begin first with the language of the statute, and "if the language does not resolve the question, [we look] to the common law for guidance." GGNSC, 484 Mass. at 186-187, 140 N.E.3d 397.

2. Derivative nature of wrongful death claims. In GGNSC, we were called to determine whether G. L. c. 229, § 2, provided rights to a decedent's statutory beneficiaries derivative of or independent from the decedent's own cause of action for the injuries that caused the decedent's death. GGNSC, 484 Mass. at 184, 140 N.E.3d 397. We concluded that wrongful death claims are derivative based on the language of the wrongful death statute, augmented by our interpretation of common-law wrongful death actions in the Commonwealth over time and persuasive authority from other jurisdictions. Id. at 184, 187-191, 140 N.E.3d 397.

In relevant part, G. L. c. 229, § 2 -- as it currently stands -- provides for wrongful death liability where

"[a] person who (1) by his negligence causes the death of a person, or (2) by willful, wanton or reckless act causes the death of a person under such circumstances that the deceased could have recovered damages for personal injuries if his death had not resulted, ... or (5) is responsible for a breach of warranty arising under [art. 2 of G. L. c. 106] which results in injury to a person that causes death."

In 1958, the Legislature amended a previous iteration of the statute by adding the language that, in part, undergirded

our conclusion in GGNSC that wrongful death claims are derivative. GGNSC, 484 Mass. at 187-188, 140 N.E.3d 397. Specifically, the "Legislature amended G. L. c. 229, § 2, to permit compensation only 'under such circumstances that the deceased could have recovered damages for personal injuries if his death had not resulted.' " Id., quoting St. 1958, c. 238, § 1.

In GGNSC, we noted that the "under such circumstances" clause in the statute demonstrated the Legislature's intent to "expressly tether[ ] a wrongful death claim to tortious conduct that caused the decedent's personal injury."[12] GGNSC, 484 Mass. at 188, 140 N.E.3d 397. And we concluded specifically that the clause applied to wrongful death actions caused by willful, wanton, or reckless conduct, and by negligence. Id. But only wrongful death actions based on negligence were at issue in that case. Id. Accordingly, we acknowledged that the statute permits wrongful death recovery based on breach of warranty, but we did not address explicitly that the "under such circumstances" clause does not also follow the clause permitting wrongful death recovery based on breach of warranty. See id. at 188 n.14, 140 N.E.3d 397.

 **\*4** [3] The plaintiffs contend that, as a result, in GGNSC, 484 Mass. at 191, 140 N.E.3d 397, we left open the question whether wrongful death actions based on breach of warranty are derivative. We did not. Our conclusion that wrongful death recovery as a whole is derivative did not rely exclusively on the "under such circumstances" clause. Id. at 188-191, 140 N.E.3d 397. Rather, by looking at the language and structure of the wrongful death statute, we discerned the Legislature's intent that any claim brought under it "remain tied to the decedent's action." See id. at 187-188, 140 N.E.3d 397 (considering "plain language of the section at issue by analyzing the statute as a whole").[13] In particular, this intent is demonstrated, in part, by the Legislature affording the decedent's executor or administrator the exclusive right to initiate a wrongful death suit under G. L. c. 229, § 2. Although § 1 of the wrongful death statute identifies the permissible beneficiaries of a wrongful death suit, the statute does not permit those beneficiaries to bring suit, demonstrating that an action for wrongful death belongs to the estate and that the decedent's beneficiaries do not have a separate assertable legal right in the decedent's life under the statute. See GGNSC, supra; G. L. c. 229, § 1. This is true of all claims brought under the wrongful death statute, including those based on breach of warranty.

In determining that wrongful death claims are derivative, we also drew support from " 'trend[s] in [our] law against allowing' claims under G. L. c. 229, § 2, to be independent of the decedent's own cause of action." GGNSC, 484 Mass. at 190, 140 N.E.3d 397, and cases cited. Further, we joined the majority of States, which "conclude that where an action for the injuries causing the decedent's death 'could not have been brought by the deceased, had he survived, ... no right of action [for wrongful death] ... can vest in the deceased's administrator or representative for the benefit of the beneficiaries.' " Id., quoting 12 Am. Jur. Trials, Wrongful Death Actions § 16, at 344-345 (1966).

3. Statute of limitations in wrongful death statute. With wrongful death liability being derivative, the parties now disagree over the time at which a wrongful death action may be brought. The dispute here arises primarily from the statute of limitations set forth in G. L. c. 229, § 2, for commencement of a wrongful death action. The plaintiffs also rely on prior amendments to the wrongful death statute to support their position.

 [4] a. Language of statute. Section 2 of G. L. c. 229 provides: "An action to recover damages under this section shall be commenced within three years from the date of death...."[14] The plaintiffs contend that this language unambiguously demonstrates the Legislature's intent to permit a decedent's representative to bring a wrongful death action within three years of the decedent's death, regardless of the date of injury or whether the decedent's claim was time barred at the time of death. Their arguments misconstrue the reason that their claims are barred.

 [5] [6] [7] [8] "A statute of limitations is a limitation on liability that defines the time period within which a cause of action may be brought. A statute of limitations does not create a cause of action that does not otherwise exist." Sullivan v. Rich, 71 Mass. App. Ct. 16, 20, 878 N.E.2d 937 (2007). Although the statute of limitations in G. L. c. 229, § 2, sets the time period in which a wrongful death action may be brought, it does not confer an independent right to bring one. See Gaudette, 362 Mass. at 71, 284 N.E.2d 222. The right to bring a wrongful death action, being derivative, is "dependent on the continuance of a right in the decedent to maintain an action for his injury up to the time of his death" (citation omitted). GGNSC, 484 Mass. at 185, 190-191, 140 N.E.3d 397.

**\*5** [9] [10] Where a decedent had no right on the date of his or her death to bring suit for the injury that caused his or her death, no cause of action for wrongful death based on the death-causing injury ever vests in the decedent's representative for the benefit of the beneficiaries. GGNSC, 484 Mass. at 190-191, 140 N.E.3d 397. Because a cause of action for wrongful death never comes into existence for the decedent's representative, it never accrues, and the three-year statute of limitations designated by the Legislature for wrongful death actions is never triggered. See McGuinness v. Cotter, 412 Mass. 617, 621, 591 N.E.2d 659 (1992), quoting Klein v. Catalano, 386 Mass. 701, 702, 437 N.E.2d 514 (1982) ("A statute of limitations is a procedural measure which 'normally governs the time within which legal proceedings must be commenced after the cause of action accrues' "); Doe No. 4 v. Levine, 77 Mass. App. Ct. 117, 119, 928 N.E.2d 951 (2010), quoting Black's Law Dictionary 23 (9th ed. 2009) (" 'Accrue' means '[t]o come into existence as an enforceable claim or right' "). Thus, it is not the statute of limitations for wrongful death that bars the plaintiffs' claims, but the absence of any claim vested in them because the decedents were unable to bring claims for their injuries at the time of their deaths.

b. Statutory amendments. Previous amendments to G. L. c. 229, § 2, are inapposite and do not support the plaintiffs' position. Prior to 1981, the wrongful death statute, in addition to providing a time period in which a cause of action must be commenced, also provided that "[n]o recovery shall be had ... for a death which does not occur within two years after the injury which caused the death." G. L. c. 229, § 2, as amended through St. 1979, c. 164, § 1. In 1981, the Legislature amended the statute by striking out the latter sentence limiting recovery. St. 1981, c. 493, § 1. While the plaintiffs contend that by doing so the Legislature clearly intended the statute of limitations for wrongful death claims to be unaffected by the date of the decedent's injury, the 1981 amendment did not address the statute of limitations for wrongful death. Nor did it have any impact on the derivative nature of the cause of action.

The amendment that the plaintiffs rely on left undisturbed the three-year limitations period for commencement of an action for wrongful death. See G. L. c. 229, § 2, as amended through St. 1981, c. 493, § 1. The sentence that the amendment deleted operated as a bar to recovery for wrongful death, regardless of when a cause of action accrued or whether a complaint was filed within the limitations period. In that regard, the deleted provision resembled a statute of repose. See Bridgwood v. A.J. Wood Constr., Inc., 480 Mass. 349, 352, 105 N.E.3d 224 (2018) ("A statute of repose eliminates a cause of action at a specified time, regardless of whether an injury has occurred or a cause of action has accrued as of that date").

The plaintiffs conflate these differing concepts. Each of these three particulars -- whether there is a cause of action that has accrued, whether the limitations period has run (or begun to run), and whether any statutory restrictions bar recovery -- is separate and distinct from the others. The following example illustrates the distinction. Suppose a decedent was injured two and one-half years before dying from that injury. The applicable statute of limitations for her personal injury claim would not have run at the time of her death (six months remained on the claim), and so long as her claim was otherwise viable, a cause of action for wrongful death would then vest in her representative upon her death. The wrongful death action having fallen to the representative, the statute of limitations would accordingly begin to run for that action on the date of death and would run for three years. However, prior to 1981, no recovery would be permitted for such an action under G. L. c. 229, § 2, as amended through St. 1979, c. 164, § 1, because the decedent died more than two years after the injury that caused her death.

By contrast, in these cases, because the decedents both died over three years after the injuries that caused their deaths, by virtue of the running of the underlying statute of limitations, they had no right to bring personal injury claims for those injuries at the time that they died. Thus, no right of wrongful death ever fell to their representatives. While, given the timing of their deaths, the pre-1981 restriction on recovery would have also precluded their representatives' wrongful death actions, the elimination of the pre-1981 restriction -- which functioned as a statute of repose -- in no way created a right in the decedents' representatives to bring a wrongful death action that did not otherwise exist. The statute of limitations for wrongful death was therefore never implicated in these cases.

**\*6** The plaintiffs contend that our conclusion creates a rule that a decedent's death must occur within three years of the injury that caused it, and that this conclusion cannot be reconciled with the 1981 amendment eliminating any bar to recovery tied to the date of injury. But the particular reason why a decedent's personal injury claim is precluded at the time of death -- here, the expiration of the statute of limitations on the decedents' personal injury claims -- is not our focus when determining whether a wrongful death action exists.

Rather, because a wrongful death claim is derivative, the same outcome would result regardless of the reason that the decedent's own claims were barred, whether it be because of an arbitration agreement, a release from liability, or, as is the circumstance in these cases, the statute of limitations.

4. <u>Other jurisdictions</u>. Of the jurisdictions where wrongful death liability is derivative, the vast majority that have weighed in on this issue agree that, if the decedent's underlying personal injury claim is barred by the statute of limitations at the time of death, no right of wrongful death is created in the representative of the decedent's estate for the benefit of the beneficiaries. See, e.g., Curtis v. Quality Floors, Inc., 653 So. 2d 963, 964 (Ala. 1995) ("if a decedent's cause of action is time-barred at his or her death, then the decedent's personal representative cannot bring a wrongful death action"); Drake v. St. Francis Hosp., 560 A.2d 1059, 1062-1063 (Del. 1989) ("[wrongful death statute] imposes a condition precedent to the accrual of a wrongful death cause of action ..., i.e., the decedent's ability to have maintained an action and recovered damages, if death had not ensued. [Where] the decedent's medical malpractice action was time barred ..., no cause of action for wrongful death ever 'accrued' in his survivors"); Mason v. Gerin Corp., 231 Kan. 718, 725, 647 P.2d 1340 (1982) ("where the injured party could not have brought an action for his personal injuries because the statute of limitations had run against his claim prior to his death, a wrongful death action cannot be maintained"); Estate of Stokes v. Pee Dee Family Physicians, L.L.P., 389 S.C. 343, 349, 699 S.E.2d 143 (2010) ("a claim under [the wrongful death statute] lies in the decedent's estate only when the decedent possessed the right of recovery at his death.... [T]he wrongful death statute of limitations does not serve to revive a previously barred claim"); Russell v. Ingersoll-Rand Co., 841 S.W.2d 343, 348-349 (Tex. 1992) ("if a decedent may not maintain suit because of some defense -- release, res judicata, limitations, etc. -- which may be properly interposed by defendants, there is no wrongful death action to accrue. The action is not barred by limitations before it accrues; it never accrues because the decedent could not maintain an action at his death"); Edwards v. Fogarty, 962 P.2d 879, 883 (Wyo. 1998) ("Where the statute of limitations has run on the underlying cause of action and the injured party does not have a viable claim at the time of his death, a wrongful death action by his survivors is also barred").[15]

The jurisdictions that permit wrongful death recovery despite the expiration of the statute of limitations on the decedent's underlying personal injury claims "tend to interpret their wrongful death statute ... as creating a new and independent cause of action," see Mummert v. Alizadeh, 435 Md. 207, 224-225, 77 A.3d 1049 (2013), and cases cited, or at least have been unclear about the derivative nature of wrongful death liability. For example, Colorado, to which the plaintiffs point for support, has treated wrongful death actions as derivative in some sense, see Stamp v. Vail Corp., 172 P.3d 437, 447 (2007), but also has described such actions as "separate and distinct from a cause of action the deceased could have maintained had he survived," Allen v. Pacheco, 71 P.3d 375, 379 (Colo. 2003), cert. denied, 540 U.S. 1212, 124 S.Ct. 1406, 158 L.Ed.2d 140 (2004) (arbitration agreement covered wrongful death action because of language in agreement, rather than derivative nature of action).

\*7 [11] Under Colorado's reasoning, so long as a decedent, at some point, had the right to maintain a cause of action for the decedent's personal injuries, the condition precedent to having a wrongful death action is satisfied, even if the decedent could not have maintained such an action as of the date of death. See Rowell v. Clifford, 976 P.2d 363, 364-365 (Colo. App. 1998) (recognizing interpretation of wrongful death statute differs from other jurisdictions). West Virginia, which has similarly been unclear about whether it considers wrongful death liability to be derivative, follows the same approach. See Stonerise Healthcare, LLC vs. Oates, W. Va. Sup. Ct. App., No. 19-0215, 2020 WL 3259625 (June 16, 2020) (Workman, J., dissenting) (lack of clarity in West Virginia whether wrongful death recovery is derivative). But see Davis v. Foley, 193 W. Va. 595, 600, 457 S.E.2d 532 (1995) ("a wrongful death action [is] a derivative claim"); Hoover's Adm'x v. Chesapeake & O. Ry., 46 W. Va. 268, 270, 33 S.E. 224 (1899) ("if the character of injury is such that the injured party could have at any time maintained a suit in relation thereto, his administrator could sue after his death," even where statute of limitations for decedent's claims expired before death).[16]

[12] In GGNSC, 484 Mass. at 190-191, 140 N.E.3d 397, we were unequivocal that, in Massachusetts, we follow the majority rule that wrongful death liability is derivative. Accordingly, we follow the majority approach precluding recovery for wrongful death where the statute of limitations on the decedent's underlying claims ran before the decedent's death.[17]

\*8 <u>Conclusion</u>. We affirm the judgments in both cases dismissing the plaintiffs' wrongful death claims.[18]

*So ordered*.

**All Citations**

--- N.E.3d ----, 2023 WL 4359428

Footnotes

1 Of the estate of Ralph Fabiano.

2 Shaw's Supermarkets, Inc.; and Garber Bros., Inc.

3 Of the estate of John Fuller.

4 Cumberland Farms, Inc.

5 Because the plaintiffs share their surnames with the decedents whose estates they represent, we refer to each by their first name.

6 We acknowledge the amicus briefs submitted by the Massachusetts Defense Lawyers Association, the Massachusetts Academy of Trial Attorneys, and Product Liability Advisory Council, Inc., in the Fabiano case.

7 Michael Cuddy was named special representative of the estate of Ralph Fabiano in the original complaint. Grace was subsequently appointed as personal representative; she filed an amended complaint substituting herself for Cuddy. Cuddy is no longer an active party in the case.

8 Garber Bros, Inc., was also originally named as a defendant. The company filed for bankruptcy shortly before the case was brought, and all actions against it were stayed.

9 Garber Bros, Inc., was also named as a defendant in the Fuller case. The parties, however, stipulated to dismiss the claim against the company after it declared bankruptcy. See note 8, supra.

10 Mary also individually asserted a claim of loss of consortium against all defendants, the dismissal of which she does not challenge on appeal.

11 Following the allowance of the Fuller defendants' motion for judgment on the pleadings, trial commenced on Mary's G. L. c. 93A claim. After trial, the judge concluded that the c. 93A claim was time barred. Mary does not challenge that portion of the judgment on appeal.

12 At oral argument, counsel for the Fuller defendants argued for the first time that the Legislature did not intend to make wrongful death claims derivative when it included the "under such circumstances" clause in the 1958 version of the wrongful death statute, but rather included the clause to capture the categories of circumstances giving rise to wrongful death enumerated in various sections of the 1949 version of the statute. St. 1949, c. 427, § 2. The "under such circumstances" clause, however, was not necessary to fulfill this purpose. Indeed, the "under such circumstances" language (or a nearly identical iteration thereof) predated the 1958 version of the statute. See St. 1883, c. 243. We interpreted that language -- prior to the 1958 amendment -- as creating a right of recovery derivative of the rights of the deceased. See Dacey v. Old Colony R.R., 153 Mass. 112, 117, 26 N.E. 437 (1891) ("The purpose of the statute is to permit the administrator to maintain an action for the death when the intestate could have maintained an action if he had recovered, and not otherwise. When his action would have been defeated by the defence of common employment if he had sued, the action of his administrator will be barred in the same way in a suit brought on account of his death. This seems the only reasonable interpretation of the statute"). We presume that the Legislature was aware of our interpretation of this language when it included nearly identical language in the 1958 version of the wrongful death statute. See Commonwealth v. Colturi, 448 Mass. 809, 812, 864 N.E.2d 498 (2007). Thus, we see no reason to revisit the interpretation we afforded the "under such circumstances" clause in GGNSC, 484 Mass. at 187-188, 140 N.E.3d 397.

13 In analyzing whether wrongful death actions under G. L. c. 229, § 2, based on negligence were derivative, we also considered that "the elements of our wrongful death action based on negligence mirror those of an ordinary negligence

claim." GGNSC, 484 Mass. at 188, 140 N.E.3d 397. Notably, the same is true of actions for wrongful death and claims for personal injury based on breach of warranty. See Haglund v. Philip Morris Inc., 446 Mass. 741, 743-745, 847 N.E.2d 315 (2006).

14  The wrongful death statute also contains a discovery rule permitting an action to be commenced "within three years from the date when the deceased's executor or administrator knew, or in the exercise of reasonable diligence, should have known of the factual basis for a cause of action," G. L. c. 229, § 2, which is not at issue or applicable in these cases.

15  See also Estate of Hull v. Union Pac. R., 355 Ark. 547, 553, 141 S.W.3d 356 (2004); Toombs v. Alamo Rent-A-Car, Inc., 833 So. 2d 109, 115-117 (Fla. 2002); Wyness v. Armstrong World Indus., Inc., 131 Ill. 2d 403, 408, 137 Ill.Dec. 623, 546 N.E.2d 568 (1989); Ogden v. Berry, 572 A.2d 1082, 1083-1084 (Me. 1990); Dunn v. Pacific Employers Ins. Co., 332 N.C. 129, 132-134, 418 S.E.2d 645 (1992); Deggs v. Asbestos Corp. Ltd., 186 Wash. 2d 716, 732, 381 P.3d 32 (2016).

16  To the extent that the parties on both sides rely on cases from Mississippi and Connecticut to support their positions, their reliance is misplaced. Both jurisdictions treat wrongful death actions differently from how we do. In Mississippi, for instance, where a wrongful death action is based on personal injury to the decedent, as opposed to injuries that the decedent's death caused to others, such as a loss of consortium claim, the wrongful death action must be brought within the statute of limitations associated with the underlying personal injury claim. Caves v. Yarbrough, 991 So. 2d 142, 148-150 (Miss. 2008). In Connecticut, similarly, where the basis of a wrongful death action is a statutory action that did not exist at common law, the wrongful death action is subject to the statute of limitations associated with the underlying statutory action, rather than the statute of limitations set out in the wrongful death statute. Harvey v. Department of Correction, 337 Conn. 291, 298-300, 253 A.3d 931 (2020).

By contrast, as we have stated, our conclusion is not that wrongful death actions must be brought within the time permitted by the statute of limitations for the underlying claim. Rather, we conclude merely that the statute of limitations for the underlying claim must not have expired at the time of the decedent's death. In other words, the claim must be viable at the time of the decedent's death for a wrongful death cause of action to exist. If such an action exists, the statute of limitations for wrongful death actions -- not the statute of limitations for the underlying claim -- governs when a wrongful death action may be brought.

17  While the plaintiffs argue that our conclusion produces fundamental unfairness by forcing those suffering from life-threating illnesses to make the untenable choice of filing suit while they are suffering from the illness or forfeiting their heirs' right to recovery in the event that the statute of limitations runs before their death, our decision in no way changes what has long been true of persons suffering from serious injuries. Once those injuries are knowable, plaintiffs must assert their rights within a specified period of time or lose their ability to recover for their injuries. See Klein, 386 Mass. at 702, 437 N.E.2d 514. Because the right to recover for wrongful death is derivative of a decedent's right to recover for his or her injuries, if the decedent, during his or her life, loses or otherwise forfeits the ability to recover, no right to recover exists in his or her beneficiaries.

18  The requests for costs by both Grace and Philip Morris USA Inc. are denied.

---

**End of Document** © 2023 Thomson Reuters. No claim to original U.S. Government Works.