UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JANE DOE,

    Plaintiff,

    v.

CITY OF NORTHAMPTON,

    Defendant.

Civil Action No. 23-10358-MGM

ORDER REGARDING NOVEMBER 7, 2024 HEARING
(Dkt. No. 60)

October 21, 2024

MASTROIANNI, U.S.D.J.

On August 21, 2024, the court entered a protective order governing access to juveniles' school records, disciplinary records, police records, court records, and other sensitive information relevant to this action. At the court's request, the parties sent correspondence to any individual whose juvenile records were potentially discoverable. This correspondence directed the individuals to file objections with the court by October 8, 2024 and set a hearing regarding these objections for November 7, 2024. After reviewing the filed objections and considering the applicable legal principles, the court orders that the November 7, 2024 hearing occur *in camera*.

Although judicial proceedings are presumptively open to the public, "with respect to civil discovery … there is no right of public access." *United States v. Kravetz*, 706 F.3d 47, 55 (1st Cir. 2013) (citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984)). Thus, "the courts of appeals have uniformly held that the public has no common law or constitutional right of access to materials that are gained through civil discovery but neither introduced as evidence at trial nor submitted to the court as documentation in support of motions or trial papers." *Id.* And "[c]onsistent with this authority, [the

First Circuit] also [has] concluded that no right of access attaches to civil discovery motions themselves or materials filed with them." *Id.* at 55-56; *see also Anderson v. Cryovac, Inc.,* 805 F.2d 1, 13 (1st Cir. 1986) ("There is no tradition of public access to discovery, and requiring a trial court to scrutinize carefully public claims of access would be incongruous with the goals of the discovery process."). In addition, because there is no right of access to discovery motions themselves, "there is no right of public access to a hearing addressing discovery matters." *Doe v. Smith*, No. 2:23-CV-00423-JAW, 2024 WL 4297122, at *13 (D. Me. May 8, 2024)

As the November 7 hearing is solely related to third-party discovery objections, the court does not find public access is required. Moreover, as the hearing will necessarily require discussion of juveniles' school records, disciplinary records, police records, and court records, the "court's exercise of its discretion to close juvenile proceedings is not an exception to some general rule of openness, but the norm." *United States v. Three Juveniles*, 61 F.3d 86, 92 (1st Cir. 1995). These records are therefore, for the moment, entitled to the "venerable common law exception to the presumption of access" applicable when "third-party privacy interests" are implicated. *Kravetz,* 706 F.3d at 62 (quoting *United States v. Amodeo* ("*Amodeo II*"), 71 F.3d 1044, 1050-51 (2d Cir.1995)); *accord In re Bos. Herald, Inc.,* 321 F.3d 174, 190-91 (1st Cir. 2003). To meaningfully preserve these privacy protections, the court finds it necessary to conduct the November 7 hearing *in camera.*

For the foregoing reasons, the Hampden Courtroom shall be closed to the public for the duration of the November 7, 2024 hearing. Attendance shall be limited to counsel of record for the parties, as well as the third parties (including their parents) who are themselves objecting to disclosure of their records. Third party attendees should check in at the Clerk's Office upon arrival at the United States Courthouse. Furthermore, the transcript of the hearing shall remain under seal until further order of this court.

It is So Ordered.

/s/ Mark G. Mastroianni
MARK G. MASTROIANNI
United States District Judge